UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| PAUL WAYNE KRAUSS, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:17-CV-219 RLW |
| JAY HOLCOMB, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $52.30, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are Jay Holcomb, Faith [Unknown], Brent Douglas, Brandon Caid, the Missouri State Highway Patrol, and the Mississippi County Detention Center. Plaintiff states that he sues all defendants in their official and individual capacities.

Plaintiff's claim, in its entirety, states:

Violating my 1st 4th 6th 14th Amendments. Illegally trying to obtain evidence, Illegal search and seizure, not being able to grieve my claims, cruel and unusual punishment, officers breaking the law commit a crime to obtain evidence.

Plaintiff seeks money damages of $1,000,000 "to life, home and employment."

**Discussion**

Civil plaintiffs are required to set forth their claims in a simple, concise, and direct manner, and they are required to set forth the facts supporting such claims as to each named defendant. The Court's obligation to liberally construe plaintiff's complaint does not include the obligation to create facts or construct claims that have not been alleged. *See Stone v. Harry*, 364 F.3d 914-15 (8th Cir. 2004) (Court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.").

Plaintiff has alleged no facts that would support his claim of constitutional violations. He states in conclusory fashion that his First, Fourth, Sixth, and Fourteenth Amendment rights have been violated, presumably by an illegal search and seizure. He alleges no facts that would

implicate any defendant in this illegal search and seizure, and no facts that would support his allegation that the search and seizure was illegal. These allegations do not state a claim against any defendant because liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where the plaintiff failed to allege that a defendant was personally involved in or directly responsible for incidents that injured him). Having liberally construed the complaint, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Although this case will be dismissed on the grounds stated above, the Court notes that plaintiff has pending state and federal cases arising out of his October 3, 2017 arrest by the Missouri State Highway Patrol. He has two outstanding charges in the Circuit Court for Mississippi County for unlawful possession of drug paraphernalia and possession of controlled substance. *See State v. Krauss*, No. 17MI-CR00592-01 (Mississippi County Circuit Court). Then on December 21, 2017, he was indicted on federal charges of felon in possession of a firearm and felon in possession of ammunition. *See United States v. Krauss*, 1:17-CR-116 SNLJ (E.D. Mo.).

On April 5, 2018, plaintiff pled guilty to the federal charges. *Id.* at ECF No. 25. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). The Court will dismiss plaintiff's complaint for the additional reason that any

3

judgment in this § 1983 case would likely invalidate his future sentence on the federal charges. *See Heck*, 512 U.S. at 486-87.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $52.30 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [ECF No. 4]

An order of dismissal will accompany this memorandum and order.

Dated this 15th day of May, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

4